**AMERICAN SAMOA GOVERNMENT, Plaintiff**

**v.**

**TA`ATA`AI LOGOVI`I, Defendant**

High Court of American Samoa
Trial Division

CR No. 44-96

August 12, 1996

Before KRUSE, Chief Justice, TAUANU`U, Chief Associate Judge, and LOGOAI, Associate Judge.

Counsel: For Plaintiff, Frederick J. O'Brien, Assistant Attorney General
For Defendant, David Vargas

Order Denying Motion to Dismiss:

The defendant moves to dismiss, arguing that the prosecution's delay in filing the charges against him violates his rights to due process. The issue before us is whether a delay in accusing the defendant, resulting from neglect of the case by a prosecutor, constitutes a violation of due process of

law.

The charges against defendant Ta`ata`ai Logovi`i ("Logovi`i") arose from a fight that allegedly took place on September 16, 1995, and that allegedly commenced at the Pago Bar.  An investigation of the incident was completed in early October of 1995, but charges were not filed against Logovi`i until June 7, 1996, approximately eight months following completion of the investigation.  According to Logovi`i, six witnesses are absent from the territory and are therefore no longer available.

The Government alleges that the delay resulted from the case being misfiled among closed cases under the supervision of former Assistant Attorney General John Wilks.

## DISCUSSION

■ A demonstration of actual prejudice is a necessary but not sufficient element of a due process claim arising from pre- accusatory delay. *United States v. Lovasco*, 431 U.S. 783, 790 (1977). The court must also consider the "reasons for the delay as well as the prejudice to the accused." *Id.* Considering both the amount of prejudice to the defendant and the reasons for the delay is a fact intensive process, and courts cannot articulate a bright line test that will serve the ends of due process in every situation. *United States v. Marion*, 404 U.S. 307, 324-25 (1971).

■ In considering the reasons for delay, broad leeway is given for prosecutorial discretion and legitimate investigative purposes. *Lovasco*, 431 U.S. at 790-96.  Conversely, a delay that is imposed for purely tactical reasons is probably violative of due process. *Id.* at 795. The present case is somewhere between these two extremes, since there is no indication of intentional delay by prosecutors for tactical advantage, but there is also no indication that any investigative purpose was being served during the delay. We believe it logical to extend the U.S. Supreme Court's analysis and hold that where a pre-accusatory delay is caused by prosecutorial neglect (rather than by intentional tactical delay), the evidence of actual prejudice to the defendant must be compelling to sustain a dismissal based on due process. *See id.* at 795 n.17.

■ The present motion utterly fails to demonstrate the requisite "actual prejudice" to the defendant.  Possibilities such as the unavailability of witnesses and other problems inherent in any extended delay are not enough by themselves to demonstrate that the defendant cannot receive a fair trial. *Marion*, 404 U.S. at 325-36.  If no proffer is made of how missing testimony would help the defendant's claims, the allegation of prejudice is speculative, and actual prejudice has not been demonstrated. *United States*

144

*v. Gonzalez-Sandoval*, 894 F.2d 1043, 1050-51 (9th Cir. 1990). In the present case, we have no indication that the testimony of the missing witnesses would have been exculpatory, and the mere possibility that it might be is insufficient to show actual prejudice. *See also American Samoa Government v. Solaita*, 27 A.S.R.2d 9 (Trial Div. 1994). Logovi`i's motion to dismiss is, therefore, denied.

It is so ordered.